UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY FULLER,<br><br>                              Plaintiff,<br><br>    v.<br><br>GREEN DOT BANK,<br><br>                              Defendant. | Case No. 22-cv-01043-BAS-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IFP (ECF No. 2)**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE (ECF No. 1)**<br><br>**(3) DENYING MOTION TO APPOINT COUNSEL (ECF No. 3)** |

     Plaintiff Stanley Fuller is proceeding pro se—without an attorney. He filed a handwritten complaint on July 19, 2022 against Defendant Green Dot Bank. (Compl., ECF No. 1.) He seeks $10,000 in monetary damages arising out of the alleged closure of his bank account by Defendant. (*Id*. at 3.) Plaintiff has also filed a motion for leave to proceed *in forma pauperis* ("IFP") (IFP Mot., ECF No. 2) as well as a motion to appoint counsel (Mot. Appoint Counsel, ECF No. 3).

     For the following reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP, **DISMISSES WITHOUT PREJUDICE** his Complaint for failure to state a claim upon which relief may be granted, and **DENIES** his motion to appoint counsel.

## I. MOTION FOR LEAVE TO PROCEED IFP

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See e.g., Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "[IFP] status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed IFP should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915. In the past year, Plaintiff

has earned approximately $5,200 from short-term employment at Walmart. (IFP Mot. ¶ 1.) He is presently unemployed, is not receiving any unemployment benefits, and does not appear to have a present source of income. (IFP Mot. ¶ 1, Mot. Appoint Counsel, ¶ 5.) He has $5.00 in his checking account, and does not own any real estate, an automobile, or any other significant assets. (*Id.* ¶ 4, 5.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Plaintiff's application for leave to proceed IFP (ECF No. 2). However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. This includes any recovery Plaintiff may realize from this suit or others and any assistance Plaintiff may receive from family or the government.

## II.   SCREENING UNDER 28 U.S.C. § 1915(e)(2)

### A.   Legal Standard

A complaint filed by a plaintiff proceeding IFP is subject to screening under 28 U.S.C. § 1915(e)(2). *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). This provision requires the court to review the complaint and dismiss the action if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

To determine whether the action must be dismissed under the second ground—a failure to state a claim—the court applies "the familiar standard of Federal Rule of Civil Procedure 12(b)(6)." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556

U.S. at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Further, the court has an obligation where the plaintiff "is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342, n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court, however, "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." *Id.*

Complaints must also comply with Rule 8, which requires that each pleading includes a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise and direct," Fed. R. Civ. P. 8(d)(1). *See Iqbal*, 556 U.S. at 677–78. The district court may dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were, *inter alia*, "confusing," "distracting, ambiguous and unintelligible").

### B. Plaintiff's Allegations

Plaintiff's complaint alleges in full:

> Green Dot Bank closed my account and promised to send me my refund back in March 2022 and still nothing. I have emails and recorded phone calls of promising me. They still taking my money every month that have totaled over $250. Its not fair.

(Compl. 2.) Based on the foregoing allegations, Plaintiff seeks damages totaling $10,000; including his bank account balance of $2,200, pain and suffering of $2,800, and general relief of $5,000. (*Id.* at 3.)

### C. Analysis

Plaintiff's complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face, particularly in federal court. Federal courts are courts of limited jurisdiction, meaning that not all cases are properly brought in federal court. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994.) Cases that cannot be brought in federal court are typically brought in state or small claims courts depending on the value of the claim at issue. *Cf. City & Cnty. of San Francisco v. Small Claims Ct.*, 141 Cal. App. 3d 470, 474 (Ct. App. 1983). Here, Plaintiff has failed to articulate a legal justification to bring his action in federal court and his factual allegations are too limited for the Court to infer a cognizable legal basis—even under the liberal pleading standard afforded to a *pro se* plaintiff. *See Hebber*, 627 F.3d at 342, n.7. This Court may not supply essential elements of a claim that Plaintiff has not pled. *See Ivey*, 673 F.2d at 268.

Further, Plaintiff's complaint does not comply with Rule 8, since it is ambiguous and does not provide Defendant adequate notice of the legal theory Plaintiff is advancing to redress Defendant's alleged wrongful conduct. Therefore, the Court must dismiss the complaint for failing to state a claim upon which relief may be granted and failure to comply with Rule 8. That said, the Court will grant Plaintiff leave to amend his claim because it is possible that he can state a claim for relief. *See Rosati*, 791 F.3d 1037 at 1039 (finding that a court should not dismiss an action without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Thus, the Court **DISMISSES** Plaintiff's complaint with leave to amend.

### III. MOTION FOR APPOINTMENT OF COUNSEL

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *accord Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Plaintiff seeks an appointment of counsel because he "can't afford to higher [sic] one due to financial issue [sic] and covid." (ECF No. 3.) Plaintiff's financial circumstances fail to demonstrate "exceptional circumstances" warranting the appointment of counsel in his civil action. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2004). Moreover, having reviewed Plaintiff's complaint and request, the Court is skeptical of Plaintiff's ability to succeed on the merits of his claim in federal court since Plaintiff has articulated neither a legal basis for his claim nor grounds for federal jurisdiction over the claim.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for appointment of counsel (ECF No. 3).

## IV.  CONCLUSION & ORDERS

For the reasons discussed above, the Court **GRANTS** Plaintiff's motion to proceed IFP (ECF No. 2) and **DENIES** Plaintiff's motion to appoint counsel (ECF No. 3). The Court also **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1) for failure to state a claim and violation of Rule 8. If Plaintiff can correct the deficiencies in his complaint, he may file an amended complaint **no later than August 8, 2022**.

**IT IS SO ORDERED.**

**DATED:  July 25, 2022**

Hon. Cynthia Bashant
United States District Judge