1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| STANLEY FULLER, | Case No. 22-cv-01043-BAS-BGS |
| --- | --- |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (ECF No. 8)** |
| v. | |
| GREEN DOT BANK, | |
| Defendant. | |

Before the Court is Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. (ECF No. 8.) For the following reasons, the Court **GRANTS** Plaintiff's request.

On July 18, 2022, Plaintiff filed his Complaint against Defendant. (ECF No. 1.) On July 25, 2022, the Court dismissed Plaintiff's Complaint with leave to amend for failure to state a claim under 28 U.S.C. § 1915(e)(2) and failure to comply with Federal Rule of Civil Procedure 8. (ECF No. 4.) The Court's Order allowed Plaintiff to amend his Complaint no later than August 8, 2022. (*Id.*) Plaintiff did not file an

amended complaint. On August 25, 2022, the Court issued an Order closing the case (ECF No. 5), and the Clerk of Court issued Judgment against Plaintiff (ECF No. 6). On September 22, 2022, Plaintiff filed a motion for relief from judgment. (ECF No. 8.)

Federal Rule of Civil Procedure 60(b)(6) allows a court to relieve a party from a final judgment or order for any reason that justifies relief. "A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). The Ninth Circuit has cautioned that Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (quoting *Latshaw*, 452 F.3d at 1103).

Here, the Court finds that Plaintiff has demonstrated relief from judgment is appropriate. Plaintiff asserts that he was unable to monitor his incoming mail because he underwent surgery and was hospitalized. (ECF No. 8.) The Court will vacate the Clerk's Judgment, and Plaintiff will be allowed to amend his Complaint. Accordingly, as ordered below, Plaintiff must file an amended complaint on or before than **October 25, 2022**. Plaintiff is admonished that failure to file an amended complaint on or before October 25, 2022, will result in a final judgment in favor of Defendant.

In light of the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's motion for relief from judgment (ECF No. 8) is **GRANTED**.
2. The Clerk's Judgment (ECF No. 6) is **VACATED**, and the Clerk shall reopen this case.
3. The Court's Order closing the case (ECF No. 5) is **VACATED**.

1     4. **Plaintiff may file an amended complaint with the Court on or before October 25, 2022**.

    IT IS SO ORDERED.

DATED: September 28, 2022

Hon. Cynthia Bashant
United States District Judge